UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID HARLAN, | : | |
| | : | CASE NO. |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | JUDGE: |
| CITY OF CINCINNATI, | : | |
| | : | |
| | : | |
| | : | PLAINTIFF'S COMPLAINT AND JURY |
| Defendant. | : | DEMAND |
| | : | |
| | : | |
| | : | |

NOW COMES Plaintiff, David Harlan ("Plaintiff"), by and through his undersigned legal counsel, and for his Complaint against Defendant City of Cincinnati ("Defendant"), alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff is a resident of Ohio and is a resident of this judicial district. He is a former employee of Defendant.

2. Defendant City of Cincinnati is a municipality organized under the laws of the State of Ohio.

3. This Court has jurisdiction over Plaintiff's Complaint as Plaintiff is asserting claims under the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA").

1

4. This Court has supplemental jurisdiction over Plaintiff's Ohio state law claims as they share a common nucleus of operative fact and arise out of the same transaction and occurrence as Plaintiff's federal claims.

5. Venue in this Court is proper, as the events giving rise to Plaintiff's Complaint occurred herein.

## FACTUAL ALLEGATIONS

6. Plaintiff was employed by Defendant from August of 1989 until March 17, 2024.

7. In 2004, Plaintiff assumed the role of Engineering Technician.

8. Plaintiff is a 62-year-old African American male.

9. At all relevant times relevant herein, Defendant was an "employer" within the meaning of the ADA and R.C. 4112.01.

10. During the course of his employment, Plaintiff was diagnosed with epilepsy.

11. Epilepsy is a disability under federal and state anti-discrimination laws as it impairs the major life function of controlling one's motor functions.

12. On or about January 12, 2023, Plaintiff received medical restrictions from his doctor as a result of his diagnosis, which included the inability to drive using his Commercial Driver's License (CDL).

13. Accordingly, on or about January 20, 2023, Plaintiff requested a reasonable accommodation from Defendant, in accordance with his medical restrictions.

14. Defendant suggested other positions, but they would have resulted in Plaintiff not only receiving a lower wage but also losing his seniority and opportunity for overtime compensation.

15. As a result, Plaintiff was subsequently placed on medical leave.

16. On or about March 23, 2023, Plaintiff's medical restrictions were modified by his doctor, allowing Plaintiff to return to work if he continued to take his seizure medication as prescribed.

17. On or about April 26, 2023, Plaintiff contacted Defendant's Human Resources department and notified Defendant of his desire to return to work in light of the updated medical information.

18. Defendant informed Plaintiff that he could not return to work so long as Plaintiff remained under any medical restrictions.

19. On or about September 15, 2023, Plaintiff provided another letter from his medical provider updating his restrictions.

20. On or about November 2, 2023, Plaintiff provided yet another letter, this time from Defendant's own doctor, confirming that the only restriction remaining was Plaintiff's inability to drive a CDL vehicle.

21. On or about November 6, 2023, Defendant refused to allow Plaintiff to return to his previous position and shift.

22. Although Plaintiff objected, on or about December 12, 2023, Defendant provided Plaintiff with its final decision on the matter and denied Plaintiff the opportunity to resume his former role and schedule.

23. Despite the medical documentation provided, on March 17, 2024, Plaintiff was medically separated by Defendant.

24. Upon information and belief, Plaintiff was replaced by a much younger employee.

25. At all times relevant, Plaintiff was able to perform the essential functions of his job, with a reasonable accommodation.

26. Plaintiff filed Charges of Discrimination with the Equal Employment Opportunity Commission and the Ohio Civil Rights Commission and has received a Notice of Right to Sue from each agency.

## CAUSE OF ACTION

### COUNT I: VIOLATION OF THE ADA
### Disability Discrimination

27. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

28. Defendant unlawfully discharged Plaintiff, refused to provide reasonable accommodations, and otherwise discriminated against him on the basis of his disability and/or perceived disability, in violation of the Americans with Disabilities Act, 42 U.S.C. 12112(a).

29. As a result of Defendant's actions, Plaintiff has suffered harm in the form of lost wages, emotional distress, mental anguish, attorneys' fees, and costs.

30. Defendant's unlawful actions, as described above, were intentional and malicious, and exhibited a reckless disregard for Plaintiff's rights and safety that had a great probability of causing substantial harm.

### COUNT II: VIOLATION OF THE ADEA
### Age Discrimination

31. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein and further alleges that Defendant terminated him on the basis of his age, in violation of the ADEA.

32. Plaintiff further contends that Defendant replaced him with an employee who was not included in the protected class and was significantly younger than Plaintiff.

33. As a result of Defendant's actions, Plaintiff has suffered harm in the form of lost wages, emotional distress, mental anguish, attorneys' fees, and costs.

### COUNT III: VIOLATION OF R.C. 4112.02
### Disability Discrimination

34. Plaintiff incorporates the allegations in the preceding paragraphs as if fully restated herein and further alleges that the conduct of Defendant as hereinabove described was based on Plaintiff's disability, in violation of R.C. 4112.02(A).

35. R.C. 4112.02(A) makes it an unlawful discriminatory practice for any employer because of the disability of any person, to discharge without just cause or otherwise discriminate against that person in any matter related to employment.

36. Defendant's actions, as described herein, constitute an unlawful discriminatory practice within the meaning of R.C. 4112.02(A).

37. As a result of Defendant's actions, Plaintiff has suffered harm in the form of lost wages, emotional distress, mental anguish, attorneys' fees, and costs.

### COUNT IV: VIOLATION OF R.C. 4112.02
### Age Discrimination

38. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein, and further alleges that the conduct of Defendant as hereinabove described was based on Plaintiff's age in violation of R.C. 4112.02(A).

39. Defendant's actions, as described herein, constitute an unlawful discriminatory practice within the meaning of R.C. 4112.02(A).

40. As a result of Defendant's actions, Plaintiff has suffered harm in the form of lost wages, emotional distress, mental anguish, attorneys' fees, and costs.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. For an award of back pay equal to Plaintiff's lost wages;

b. Reinstatement to his former position;

c. If reinstatement is not feasible, for an award of front pay;

d. For compensatory and punitive damages in amounts to be determined at trial;

e. For an award of pre- and post-judgment interest;

f. For reasonable attorneys' fees and costs incurred in the prosecution of this action; and

g. For all other and further relief the Court determines to be just and equitable.

/s/ *Stephen E. Imm*
Stephen E. Imm (0040068)
Samantha B. Isaacs (0104509)
FINNEY LAW FIRM, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-5678
(513) 943-6669-fax
stephen@finneylawfirm.com
sbl@finneylawfirm.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

/s/ *Stephen E. Imm*
Stephen E. Imm (0040068)

6